# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| STACY O.,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV 17-02524-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Stacy O. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I. BACKGROUND

Plaintiff filed an application for SSI on January 4, 2008. See Dkt. 16, Administrative Record ("AR") 264. After a hearing before an Administrative Law Judge ("ALJ"), Plaintiff received an unfavorable decision on February 16, 2010. See AR 266-76. On May 10, 2011, this Court remanded for further proceedings because the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") was not supported by substantial evidence. See AR 289-98.

On remand, the ALJ issued an unfavorable decision on December 13, 2011. See AR 277-88. The Appeals Council remanded the matter for further proceedings. See AR 299-302. The ALJ issued another unfavorable decision on April 4, 2013. See AR 303-15. The Appeals Council once again remanded for further proceedings. See AR 316-20.

Plaintiff received a hearing before a new ALJ on August 17, 2016. See AR 864-907. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"). The ALJ issued an unfavorable decision on January 6, 2017. See AR 239-51.

The ALJ found that Plaintiff had the severe impairments of diabetes mellitus and major depressive disorder. See AR 244. The ALJ found that Plaintiff retained the RFC to perform a range of light work. See AR 246. Based on the evidence of record, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including produce weigher, garment bagger, and garment sorter. See AR 250. Accordingly, the ALJ determined that Plaintiff was not disabled. See AR 250-51.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 235-38. This action followed. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ erred in (1) determining Plaintiff's RFC and (2) rejecting Plaintiff's subjective complaints. See Dkt. 21, Joint Stipulation ("JS") at 5.

### A. **Plaintiff's RFC**

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence. See JS at 5-7.

#### 1. **Applicable Law**

A claimant's RFC is the most a claimant can still do despite her limitations. See Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996). An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. See 20 C.F.R. § 416.945(a)(1)-(2).

An RFC assessment is ultimately an administrative finding reserved to the Commissioner. See id. § 416.927(d)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. See id. § 416.945. A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. See Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

#### 2. **ALJ Reasoning**

The ALJ found that Plaintiff could perform light work and could lift and carry 20 pounds occasionally and 10 pounds frequently, could perform postural activities frequently, could frequently reach, handle, and finger bilaterally, and was limited to simple, repetitive and routine work tasks with frequent contact with supervisors and co-workers and only incidental public contact. See AR 246. In reaching this RFC finding, the ALJ gave "significant

weight" to the State agency medical consultants, who opined that Plaintiff could perform light work. AR 248. "However, in consideration of examination findings that showed decreased sensation, diagnosis of neuropathy, and slow healing ulcers," the ALJ limited Plaintiff's postural activities. Id.

3.  **Analysis**

The Court concludes that the ALJ's RFC is supported by substantial evidence. Plaintiff primarily faults the ALJ for relying on "stale opinions" in determining her RFC. See JS at 6. Although the ALJ did give "significant weight" to medical opinions from 2008, she also considered the recent medical evidence as it pertained to Plaintiff's diabetes and related foot problems, which reflected benign clinical findings and no pronounced limitations. See AR 248 (citing AR 764-66, 769-71, 775-77, 793-94, 798-99). For instance, on February 20, 2015, the treatment provider noted peripheral neuropathy and instructed Plaintiff to wear cushioned shoes, but found Plaintiff had full muscle strength and did not limit her standing or walking. See AR 768-69. On February 4, 2016, the treatment provider noted Plaintiff's left foot ulcer was "coming under control," with the examination revealing "no tenderness to palpation, no pain, no instability, and no known fractures or deformities." AR 793. On June 10, 2016, Plaintiff had diminished sensation in both feet and left foot ulceration. See AR 798-99. The treatment provider prescribed medication and referred Plaintiff to podiatry but did not limit her standing or walking. See AR 799.

Plaintiff maintains that as a result of her foot ulcers, she lacks the ability to engage in the standing and walking required of light work, and at best, retains the RFC for sedentary work. See JS at 6. Plaintiff's self-assessment of her limitations is not sufficient to overcome the ALJ's findings, especially given that no treating physician opined that Plaintiff had any standing or walking limitations. Indeed, Plaintiff merely cites to medical evidence indicating that she was treated for foot ulcers, see id. (citing AR 764-66, 769-

72, 792-94, 798-99), which is not in dispute. Plaintiff otherwise does not identify any functional limitations that were suggested by medical providers yet ignored by the ALJ.

**B.     Subjective Symptom Testimony**

Plaintiff contends that the ALJ did not properly evaluate her subjective complaints. See JS at 11-13.

**1.     Law**

The Court engages in a two-step analysis to review the ALJ's evaluation of a claimant's symptom testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1014-15 (quoting Smolen, 80 F.3d at 1281). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

**2.     Testimony and ALJ Reasoning**

Plaintiff testified that she could not work because of uncontrolled diabetes and associated symptoms, and depression. Plaintiff stated she was able to walk less than a block, stand for 10 minutes, sit for 8-10 minutes, and lift 1-2 pounds. Plaintiff reported suicidal thoughts, difficulty with focus and concentration, and crying spells. Her typical day consisted primarily of

sleeping, walking, sitting, and watching television. Plaintiff also submitted an Adult Function Report, which stated that she had trouble with most physical abilities and could walk for less than a mile. See AR 97-104.

The ALJ identified three reasons for discounting Plaintiff's subjective complaints. First, the ALJ found that the objective medical evidence did not support Plaintiff's statements as to the intensity and persistence of her symptoms. See AR 247-48. Second, the ALJ found that Plaintiff was not compliant with her treatment and did not take pain medication, suggesting that her pain was not as severe as alleged. See AR 247. Third, the ALJ found that Plaintiff's complaints were inconsistent with her daily activities. See id.

### 3. Analysis

Plaintiff takes issue with the ALJ's second and third reasons for discounting her testimony: noncompliance and inconsistencies with daily living.

The ALJ found that Plaintiff was noncompliant with taking medications and that she did not take any pain medication, which "demonstrate[d] a possible unwillingness . . . to improve her condition" and "indicat[ed] that her symptoms are not as severe as she purports." AR 247. Both a conservative treatment history and a failure to obtain recommended treatment can be legitimate reasons for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ's finding is supported by substantial evidence. Plaintiff testified that she could sit for no more than 10 minutes and sleep for no more than 2 hours due to pain in her "whole body," but admitted she does not take any medication to control that pain. AR 880. Plaintiff also testified to being limited by shortness of breath but acknowledged receiving no treatment for it. See AR 887-88. Most significantly, in January 2016, Plaintiff's treating physician wrote that Plaintiff had been "noncompliant with treatment several times" to the

point where she advised Plaintiff that further noncompliance would be met with termination of services. AR 766.

Plaintiff argues that the ALJ erred by failing to comply with Social Security Ruling ("SSR") 82-59, which provides that an ALJ may deny benefits to a claimant who has a disability if the claimant unjustifiably fails to follow prescribed treatment. But SSR 82-59 is not applicable here because Plaintiff's failure to seek treatment "was merely a factor in the ALJ's credibility determination," not the sole reason for denying disability. Molina v. Astrue, 674 F.3d 1104, 1114 n.6 (9th Cir. 2012); see also Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995) (finding protections of SSR 82-59 did not apply where denial of benefits was not based "solely on [claimant's] failure to follow prescribed treatment").

Because the ALJ offered a clear and convincing reason for discrediting Plaintiff, the Court does not reach the issue of whether the ALJ erred in discounting Plaintiff's complaints due to the extent of her daily activities. See Garza v. Astrue, 380 F. App'x 672, 673 (9th Cir. 2010) (affirming ALJ's credibility determination that was supported by a valid reason coupled with the lack of objective medical evidence).

### III. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: May 1, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge